## SEWALL *versus* NICHOLS.

A commission merchant, who has sold a part of the goods left with him for sale, is entitled to a lien upon the residue for his commissions and for freight paid and for other advances.

To secure his lien, he may maintain replevin for the goods, even against an officer who has attached them on precept against the general owner.

His consent to become keeper of the goods for the attaching officer, does not defeat his right to maintain such action of replevin.

ON EXCEPTIONS, from *Nisi Prius*, SHEPLEY, C. J. presiding. REPLEVIN for 180 hackmatack knees.

One Wilson shipped four cargoes of hackmatack knees from East Machias to Bath, to be delivered to this plaintiff upon payment of the freight. The plaintiff paid the freight and received the knees at Bath, and sent back to Wilson at East Machias some articles of goods.

He sold a part of the knees according to his directions, and while the residue were in his possession upon the wharf in Bath, they were attached upon a writ in a suit against Wil-

son, by this defendant, who was a deputy sheriff. It was for making that attachment that this action of replevin is brought.

The defendant by brief statement pleaded his justification under the writ, and set forth that he has kept the knees in possession, and prays for a return, in order that they may be taken on the execution against Wilson, recovered in the said suit.

He introduced evidence tending to prove that he never removed the knees, but that the possession of them had been kept for him by the plaintiff himself, whom he employed for that purpose.

The plaintiff does not claim to be absolute owner of the knees, but he claims a lien upon them for freight, commissions and advances.

The defendant contended, that if the knees were in the possession of the plaintiff at the time of the attachment, and so remained in his possession up to the time of the commencement of this replevin suit, he is not entitled to recover.

The jury were instructed, that as the officer appeared to have made an attachment, if they were satisfied that he insisted upon preserving it, and that he put in the plaintiff as keeper to preserve it, the objection that the officer had no such possession of the goods, as can support this action, could not prevail; that if satisfied that the plaintiff had a lien upon the property for freight, commissions or advances unpaid, he might maintain the action, and if not satisfied of these facts, their verdict should be for the defendant.

The jury found a verdict for the plaintiff, and the defendant excepted.

*Ingalls* and *F. D. Sewall,* for the defendant, contended for the position that the action is unmaintainable, if the knees were in the plaintiff's own possession at the time of the attachment, and if they so remained till the commencement of this suit. In support of this view, they cited *Lothrop* v. *Cook,* 14 Maine, 414; *Sawyer* v. *Huff,* 25 Maine, 464; *Boynton* v. *Willard,* 10 Pick. 166; 2 Greenl. Ev. § 561.

There was also a motion by the defendant for a new trial.

In the course of the trial, he had introduced testimony, *that* an order had been drawn by Wilson upon the plaintiff in favor of Curtis, Preston & Co., which the plaintiff had accepted before the attachment; *that* the order was for the proceeds of the cargoes of knees, subject to the plaintiff's " charges for commissions, freight," &c.; *that*, when first apprized of the attachment, he asserted to the defendant's attorney that the knees were not his, but were the property of Curtis, Preston & Co.; and in support of that assertion, exhibited the said acceptance in their favor.

There was other testimony, from which the defendant contended it to be proved or at least strongly inferrable that there was no indebtment by Wilson to the plaintiff, but that there had been received on sales by the plaintiff more than enough for his advances and commissions.

Upon this motion, the defendant's counsel contended : —

1. That the plaintiff had no lien, for he had been paid more than to the amount of all his charges.

2. That the plaintiff's assertion of the ownership in Curtis, Preston & Co. ought to defeat this action; especially as that assertion also proved that all his charges had been paid.

3. That the plaintiff by consenting to become the defendant's keeper of the property, waived all his claims.   8 Pick. 73; 15 Mass. 397; 12 Pick. 76.

*Tallman*, for the plaintiff.

TENNEY, J. — The question presented by the exceptions is whether, after the defendant made the plaintiff keeper of the property attached, for the purpose of preserving the attachment, and he insisted upon preserving it, the defendant is so out of possession, that this action cannot be maintained.

The only claim, which the plaintiff had upon the property against the general owner was by virtue of a lien for freight, which he had paid thereon, commissions, &c.   He could contest the right of the defendant to hold the property on no other ground; but as long as the lien existed he was entitled

Sewall *v.* Nichols.

to the possession. His lien was not relinquished by simply consenting to be the keeper of the defendant's appointment, without giving a written receipt, when he could not legally resist the officer's right to make the attachment, and take away the property. The plaintiff's former possession was divested by the attachment, and the property was in the custody of the law, and the defendant acquired therein a special property, as an officer. *Small* v. *Hutchins,* 19 Maine, 255. And the plaintiff was not restored to his former possession, by taking charge of the property as its keeper, under the officer. In taking this trust, there was no contract, which would authorize him to retain it beyond the pleasure of him, for whom he acted. As long as he was the keeper for the officer, the attachment was effectual, and the latter could remove him at any time, and the officer held the property as he would have done, if his keeper had been a stranger to it. The plaintiff's rights in the property may be properly settled in this action. The case of *Lathrop* v. *Cook,* 14 Maine, 414, relied upon in defence, is essentially unlike the present. In that, it was fully proved that the property was that of the plaintiff; it had always been in his hands before the attachment, and when attached, the defendant took the receipt of the plaintiff in such form, that he had not the legal right to obtain possession, and the plaintiff was not precluded from showing the property to be his.

The defendant relies upon a motion, that the verdict be set aside, as being against the evidence in the case. The question before the jury was, whether the plaintiff had at the time of the attachment an existing lien upon the property. It was in evidence, that he had paid freight, and was entitled to commissions, and consequently had a lien by the application of well established principles; and it does not appear conclusively, that the lien was discharged or relinquished. His statement, that the property belonged to Curtis, Preston & Co. might have been made in an honest belief, that it was so, in consequence of the order in their favor accepted by him to pay to them the avails "after deducting charges for

commissions, freight," &c.; and under this opinion, it would not be expected, that he would claim to hold the property himself by virtue of a lien, which he might legally have had.

*Exceptions and motion overruled.*

HOWARD, RICE and APPLETON, J. J., concurred.